SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

Matthew P. BOWIN, Defendant–Appellant.

No. 02–15751.

D.C. No. C–98–20313 JW.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.[*]

Decided March 13, 2003.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

### MEMORANDUM**

Matthew Bowin appeals pro se the district court's denial of his motion challenging an entry of default as well as the district court's judgment of default against him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion an appeal of an entry of default, *see Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.1987), and we affirm.

■ Bowin has failed to show good cause under Federal Rule of Civil Procedure 55 for his failure to file a timely answer to the SEC's complaint. Even if we accept Bowin's assertions that the conditions in the Santa Cruz County Jail precluded him from filing a timely response, he was transferred out of that facility on November 12, 1998. The earliest date by which Bowin could be considered to have answered the complaint was when he moved to set aside the entry of default in September 29, 1999, more than ten months after being transferred out of the Santa Cruz County Jail. Bowin provides no explanation for why it took that long to make an appearance. Accordingly, both the entry of default and the default judgment were proper. *See Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.1987) ("If a default judgment is entered as the result of the defendant's culpable conduct ... we need not consider whether a meritorious defense was shown, or whether the plaintiff would suffer prejudice if the judgment were set aside.").

■ Additionally, because Bowin's motion for recusal pursuant to 28 U.S.C. § 144 was untimely filed, we reject Bowin's contention that Judge Ware erred by failing to recuse himself. *See United States v. Rogers*, 119 F.3d 1377, 1380 (9th Cir.1997) (holding that a recusal motion must be filed in a timely fashion). Bowin's recusal motion was not filed until after Judge Ware lifted the stay of proceedings in January, 2002, which was more than two months after the allegedly prejudicial conversation between Judge Ware and another judge took place. *See id.* at 1380. Bowin does not allege that it took him until January 20, 2002, the date he filed his recusal motion, to learn of the allegedly prejudicial conversation. Thus, Judge Ware was not required to recuse himself.

Further, the district court did not abuse its discretion in ordering Bowin to disgorge the money he obtained as a result of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

his fraudulent activities because Bowin's financial hardship, or the fact that he already may have spent his ill-gotten gains, is not a defense to disgorgement. *See SEC v. Banner Fund Int'l,* 211 F.3d 602, 617 (D.C.Cir.2000); *SEC v. AMX, Int'l, Inc.,* 872 F.Supp. 1541, 1544 (N.D.Tex. 1994).

The district court did not err in levying "Third Tier" penalties against Bowin, because his fraudulent actions resulted in both substantial losses as well as the risk of substantial losses to other persons. *See* 15 U.S.C. § 77t(d)(2)(C); 15 U.S.C. § 78u(d)(3)(B).

Finally, Bowin had no right to a jury trial with respect to his Rule 55 motion because no disputed issues of fact exist that need to be tried before a jury. *See Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1414 (9th Cir.1990) (holding that there is no right to a jury trial on issues of default).

**AFFIRMED.**